IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 23-00039-JB-N |
| | ) |
| ANTHONY LEE JACKSON, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This action is before the Court on Defendant Anthony Jackson's *Bruen*-Based Motion to Dismiss. (Doc. 46). The United States has filed a response (Doc. 49) and Mr. Jackson has filed a reply (Doc. 50). This matter is ripe for review.

### BACKGROUND

Mr. Jackson has been indicted for possessing a firearm as a convicted felon in contravention of 18 U.S.C. § 922(g)(1) on two separate occasions. (Doc. 31). Section 922 (g)(1) prohibits possession of a firearm by anyone who has been convicted of a crime punishable by imprisonment for more than one (1) year. Previously, Mr. Jackson had been convicted of possession of cocaine, receiving stolen property, possession of marijuana, possession of a controlled substance, and unlawful distribution of a controlled substance, all crimes punishable by imprisonment for a term exceeding one (1) year. Mr. Jackson filed a *Bruen*-based motion to dismiss asserting that 18 U.S.C. § 922(g)(1) is unconstitutional under the Second Amendment. (*See* Doc. 46).

**ANALYSIS**

Relying primarily upon the decisions in *New York State Rifle & Pistol Ass'n v. Bruen*, -— U.S. —, 142 S. Ct. 2111, 213 L.Ed.2d 387 (2022), which established a new two-step method for evaluating the constitutionality of firearm regulations, Mr. Jackson argues that 18 U.S.C. § 922(g)(1) is unconstitutional, facially and as applied to him, because the statute violates the Second Amendment to the United States' Constitution.

However, in *United States v. Rozier*, 598 F. 3d 768 (11th Cir. 2010), the Eleventh Circuit rejected a Second Amendment challenge to 18 U.S.C. § 922(g)(1). *Rozier* remains binding precedent in this circuit. And as stated in *United States v. Hunter*, --- F. Supp. 3d. ---, 2022 WL 17640254. *1 (N.D. Ala. 2022), "[t]he question facing this court today is whether *Rozier* is still good law in light of the Supreme Court's recent ruling in [*Bruen*]. After careful review, the court concludes that it is. Because *Rozier* has not been clearly overruled or undermined to the point of abrogation, this court is bound by that decision's holding that § 922(g)(1) does not violate the Second Amendment."

Moreover, by reaffirming and adhering to its reasoning in *District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783, 171 L.Ed.2d 637 (2008) and *McDonald v. City of Chicago, Il.*, 561 U.S. 742, 130 S. Ct. 3020, 177 L.Ed.2d 387 (2010), the Supreme Court in *New York State Rifle & Pistol Ass'n v. Bruen*, did not change the regulatory framework that prohibits felons from possessing firearms. This Court will not depart from this established framework.

**CONCLUSION**

Upon consideration, and for the reasons set forth herein, the Motion is DENIED.

**DONE and ORDERED** this 25th day of September, 2023.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE